Daniel Robert Bartley, SBN 79586
**BARTLEY LAW OFFICES**
1999 South Bascom Avenue, Suite 700
Pruneyard Towers
Campbell, California 95008-2005
Office Reception:  408-879-2643
Direct Cell:  415-847-2060
Email:  DanielBartleyLaw@aol.com

Attorney for Plaintiff NATHAN M. SERPA

**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
Taylor W. Rhoan, SBN 294941
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF STANISLAUS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SERPA, | CASE NO.: 1:13-cv-01159-LJO-BAM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| STANISLAUS COUNTY and DOES 1-20, in their official and individual capacities, | Complaint Filed: 08/12/13<br>FAC Filed: 10/14/13 |
| Defendants. | |

**IT IS HEREBY ORDERED:**

      1.     Subject to and without waiving any objections to the admissibility or discoverability of any information or documents produced in connection with this Order, the Court orders that access to and use of such documents and information shall be governed by the provisions of this Stipulated

Protective Order pursuant to Welfare and Institutions Code § 827.  This Stipulated Protective Order shall apply to all copies, extracts, and summaries of designated documents.

2.     Wherein Plaintiff NATHAN MICHAEL SERPA has filed suit against Defendant COUNTY OF STANISLAUS in the matter of <u>Nathan Michael Serpa v. County of Stanislaus</u>, Case No. 1:13-CV-01159-LJO-BAM (USDC EDCA).

3.     Defendants COUNTY OF STANISLAUS and Plaintiff NATHAN MICHAEL SERPA in good faith believe that the following documents will be the subject of discovery in the above-reference matter and contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties pursuant to Welfare and Institutions Code § 827.

## I.

## DESIGNATION OF CONFIDENTIAL DOCUMENTS

4.     In connection with discovery proceedings in the above-referenced matter, a Welfare and Institutions Code §827 Petition was filed jointly by counsel for Plaintiff and Defendants in the Superior Court of Stanislaus County – Juvenile Division. The Court upon review of the petition and conducting an in camera review of the petitioned records has ordered they be disclosed to both parties pursuant to terms of this Stipulated Protective Order. The documents described herein shall be designated as "Confidential". The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm. The scope of this Order is limited to the following confidential juvenile records of NATHAN MICHAEL SERPA disclosed pursuant Welfare and Institutions Code §827:

      a.     Stanislaus County Juvenile Probation Department records;

      b.     Stanislaus County Juvenile Hall records;

      c.     Stanislaus County Juvenile Court file; and

      d.     Stanislaus County Child Protective Services records

///

///

2

**STIPULATED PROTECTIVE ORDER**

{01342469.DOC}

## II.

## RESTRICTIONS OF CONFIDENTIAL DOCUMENTS

5.       The disclosed documents shall be used solely in connection with the civil case of <u>Nathan Michael Serpa v. County of Stanislaus</u>, Case No. 1:13-CV-01159-LJO-BAM (USDC EDCA) and in the preparation and trial of the case, or any related proceeding.  The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.  Any documents submitted in any related litigation that were under seal remain under seal in this action.

6.       A party producing the documents and materials described herein shall designate those materials as confidential by affixing a watermark labeling them "Confidential" and a stamp which states "Unlawful Dissemination Of This Information Is A Misdemeanor." If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked in the same manner.

7.       Documents or materials designated under this Stipulated Protective Order as "Confidential" may only be disclosed to the following persons:

(a)       Daniel R. Bartley as counsel for Plaintiff NATHAN SERPA and Terence J. Cassidy as counsel for Defendant COUNTY OF STANISLAUS, and associate attorneys in the offices of each, in the case enumerated above.

(b)       Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(c)       Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(d)       Any expert, consultant or investigator retained in connection with this action;

(e)       The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel;

(f)       Witnesses during their depositions in this action; and

(g)     The parties to the case, including current employees of a party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the Confidential documents.

### III.

### GENERAL

8.     Other than the parties' attorneys and any paralegal, clerical and secretarial personnel regularly employed by them, any person to whom Confidential documents or their information are to be disclosed shall be provided and required to read a copy of this Stipulated Protective Order before disclosure of such information to that person.  The person must agree to abide by the terms of this Stipulated Protective Order by executing a non-disclosure agreement in the form of **"Attachment A"**, that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to counsel who intends to make such disclosure.  Parties shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  Either party or the court may request the identities of said individuals upon the final termination of the litigation or if it is able to demonstrate a good faith basis that a party, or an agent thereof, has breached the terms of the Stipulated Protective Order. Upon such a showing, a party shall produce to any other party or the court copies of such agreements for inspection and copying within three business days.

9.     All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal, affixing a watermark labeling them "Confidential" and a stamp which states "Unlawful Dissemination Of This Information Is A Misdemeanor." with the following statement affixed to the document or information:

**STIPULATED PROTECTIVE ORDER**

{01342469.DOC}

This envelope is sealed pursuant to the order of the Court and contains Confidential information filed in this case by [name of party] and is not to be opened nor the content thereof displayed or revealed except by order of the Court.

10.     The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

11.     A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the other party and notice all individuals to whom the documents pertain. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.

12.     Confidential documents disclosed at a deposition shall be designated as Confidential by so indicating on the record at the deposition.  Copies of Confidential documents attached to deposition exhibits shall maintain their confidential status as set forth in this Stipulated Protective Order and be sealed. If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Stipulated Protective Order.  Only individuals who are authorized by this Stipulated Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

13.     Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Stipulated Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

**STIPULATED PROTECTIVE ORDER**

{01342469.DOC}

14.     Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly (a) inform all parties of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order.  No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Stipulated Protective Order.

15.     After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential, and if filed with the Court shall remain under seal.  All documents and materials produced pursuant to this Stipulated Protective Order shall be destroyed.  All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be destroyed.  "Conclusion" of this litigation means a final termination of the case following a trial or settlement and resolution of any appeal.

16.     No later than 30 days after the conclusion of this litigation, all persons having received the confidential documents shall be advised to destroy said documents by the party who produced them.

17.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the stipulation of the parties.

18.     The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Stipulated Protective Order as it may from time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute respecting the improper use or disclosure of confidential material.

**STIPULATED PROTECTIVE ORDER**
{01342469.DOC}

**IT IS SO STIPULATED**

Dated: January 1, 2015                    BARTLEY LAW OFFICES

                                By    _/s/ Daniel Robert Bartley_ - as authorized on 1/1/15
                                      Daniel Robert Bartley
                                      Attorney for Plaintiff
                                      NATHAN SERPA


Dated: January 5, 2015                    PORTER SCOTT
                                          A PROFESSIONAL CORPORATION

                                By    _/s/ Terence. J. Cassidy_____
                                      Terence J. Cassidy
                                      John R. Whitefleet
                                      Taylor W. Rhoan
                                      Attorneys for Defendant
                                      STANISLAUS COUNTY


### ORDER

    The Court has reviewed the terms of the agreement outlined above and adopts the stipulated protective order.

**IT IS SO ORDERED.**

Dated: January 6, 2015                    **/s/ Barbara A. McAuliffe___**
                                          United States Magistrate Judge

7

**STIPULATED PROTECTIVE ORDER**

{01342469.DOC}

### <u>CERTIFICATION – ATTACHMENT A</u>

The undersigned hereby certifies that I have read the attached Stipulated Protective Order in the matter of Nathan Michael Serpa, Case No. 508156, Stanislaus Superior Court, Juvenile Division, and understand the terms thereof and agree to be bound thereby.

I agree that the records associated herein will solely be used in connection with the civil case of <u>Nathan Michael Serpa v. County of Stanislaus</u>, Case No. 1:13 CV 01159 LJO BAM (USDC EDCA). I will use and rely upon information so designated only for the purposes of facilitating the prosecution or defense of the Action and not for any business or other purpose.

I agree and I will not reveal or disclose information or documents designated as "CONFIDENTIAL" to, or discuss with, any person who is not entitled to receive confidential information in accordance with the Stipulated Protective Order.

I agree to return to counsel or destroy any confidential information or documents marked or designated "CONFIDENTIAL" at the conclusion of this matter.

I understand that unlawful dissemination of this information is a misdemeanor and a violation of the Stipulated Protective Order can result in civil liability, including an action for damages for violation of the order.

Dated: _____        By:    _____

 

                                            _____

                                            [PRINT NAME]

 

                                            _____

                                            [ADDRESS – LINE 1]

 

                                            _____

                                            [ADDRESS – LINE 2]

8

**STIPULATED PROTECTIVE ORDER**

{01342469.DOC}